## FISCHER *v.* NEIL.

*(Circuit Court, S. D. New York. January 26, 1881.)*

1. EVIDENCE—WAIVER OF OBJECTION.

    If no objection is made upon the record to the admission of hearsay evidence, such objection will be considered as waived.

2. SAME—GENERAL OBJECTION.

    A general objection will not be considered if no particular ground of objection is specified.

3. SAME—SPECIFIC OBJECTION.

    If a ground of objection is stated, all grounds not specified are considered as waived.

4. JURISDICTION—CITIZENSHIP.

    Any issue as to citizenship is immaterial where the subject-matter confers jurisdiction.

5. PATENT—PRESUMPTION OF OWNERSHIP.

    In a suit for infringement the patentee will be presumed to be still the owner, where no assignment has been alleged or proved.

6. LETTERS PATENT No. 74,068, granted to Valentine Fischer, February 4, 1868, for an "improvement in machine for forming sheet-metal mouldings," are shown to be *infringed*, as to the fourth claim, by the evidence in this case.—[ED.

In Equity. Suit for Infringement.

*Charles F. Blake*, for plaintiff.

*James H. Whitelegge*, for defendant.

BLATCHFORD, C. J.   The decision of this court on final hearing, on pleadings and proofs, in the case of the same plaintiff against George Hayes, disposes of all material questions in this case except that of infringement.   As to that, the bill alleges that the defendant "has operated and used, and is still operating and using, in the city of New York, state of New York, and within the southern district of New York, a machine or machines, constructed in accordance with and containing and embodying the said invention, so secured to your orator as aforesaid."   The testimony of Mr. Abbott shows that he saw at the defendant's shop, June 19, 1879,. which was four days before the bill was sworn to, and five days before it was filed, a machine for bending sheet metal, of which he produces a drawing.   He also describes the construction and mode of operation of the machine and the dies he so saw.   It is clear that to make or use such a machine in the way described, to bend sheet metal, infringes the fourth claim of the plaintiff's patent.   Mr. Abbott says that at the time of his said visit he was informed by a gentleman, who represented himself as the foreman of the defendant's shop, that this machine had been used whenever required, for bending sheet metal for cornices and similar work, ever since he had been there, "which, I think, he said was about two years."   No objection was made on the record to this hearsay evidence.   If no objection is made at the time to evidence, all objection to it is considered as waived.   If a general objection to it is made, but no ground of objection is specified, the objection will not be considered.   If a ground of objection is stated, all grounds not specified are considered as waived.   *Camden* v. *Doremus*, 3 How. 515; *Evanston* v. *Gunn*, 99 U. S. 660.   But there is sufficient in the defendant's answer, in connection with the testimony of Mr. Abbott, outside of said hearsay evidence, to establish infringement by a use by the defendant of the machine seen by Mr. Abbott at his shop.   The defendant is not himself sworn, nor does he produce any witness to show that Mr. Abbott's drawing or description is incorrect, or that the machine was not used by the defendant, or that the defendant had more than one

machine. The answer states that the defendant is "advised that his machine does not conflict with that described in said letters patent of complainant." It also denies that the plaintiff has ever had any just right, by virtue of any patent, in "the machine" used or operated by the defendant. This is sufficient, in view of the foregoing considerations, to show a use by the defendant of the machine seen and described by Mr. Abbott. Taking the whole bill together, it must be held to aver a use since the plaintiff's patent was granted, and the proof and the answer must be held to apply to such a use.

No objection made to the regularity of the taking of the testimony of Mr. Abbott is tenable. In addition to the points considered in the decision on the motion as to the evidence in the Hayes case, so far as those points apply to this case, the record states that the evidence of Mr. Abbott was taken before the examiner, and that Mr. Abbott was first duly sworn, and there is a jurat at the end purporting to show a reswearing of the witness after the close of his whole testimony, and the examiner certifies that the proofs were taken before him. No objection, setting forth any irregularity, appears on the record, nor has any motion been made based on any, except in so far as the motion made in the Hayes case covers any. Any issue as to the citizenship of the plaintiff, raised by the pleadings, is immaterial, as the subject-matter gives jurisdiction. None of the objections taken by the defendant, in the course of the examination of Mr. Abbott, are regarded as tenable.

The patent having been granted to the plaintiff, he is to be presumed to be still the owner of it. No assignment by him is alleged or proved. There must be the usual decree for the plaintiff as to the fourth claim of the patent.